UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                  :    Chapter 7

JEANNE M. BURNS                        :

            Debtor                     :    Bankruptcy No. 05-18693F

....................................................

MEMORANDUM

....................................................

The chapter 7 debtor, Jeanne M. Burns, has moved for an order declaring

that the "prepetition judgment held by creditor Sarasota CCM, Inc. [is] void." As will be

seen, Sarasota does not dispute the facts alleged by the debtor; nor does Sarasota dispute

that its prepetition judgment is indeed void under bankruptcy law. Rather Sarasota

opposes the relief sought by the debtor as "superfluous."

Upon consideration of the uncontested facts, and after hearing oral

argument, I conclude that the debtor is presently seeking an impermissible "comfort

order" that should be denied.


I.


The debtor alleged the following facts in her motion, all of which are

admitted by Sarasota in its answer:

> 1. Ms. Burns filed a no asset Chapter 7 proceeding on
> June 24, 2005.
>
> 2. On January 12, 2006, Ms. Burns received a discharge.
>
> 3. Sarasota holds a prepetition state court judgment
> against Ms. Burns in the amount of $21,082.44.

4. The Sarasota judgment is now void under 11 U.S.C. § 524(a)(1).

5. Counsel for Sarasota has refused to provide undersigned counsel with a praecipe to remove its judgment.

The debtor commenced this chapter 7 case on June 24, 2005. Her bankruptcy schedules revealed that she did not own any real property at the time of her bankruptcy filing. The debtor's statement of financial affairs disclosed that Sarasota obtained judgment on May 26, 2004, in the Bucks County Court of Common Pleas. The same statement of financial affairs reported that the debtor had not been the subject of any attachments, levies or garnishments within one year of her bankruptcy filing.

The bankruptcy trustee in this case filed his report that there were no non-exempt assets to administer. And on January 12, 2006, the debtor was granted a chapter 7 discharge under 11 U.S.C. § 727.[1]

The parties do not dispute that, under Pennsylvania law, Sarasota, although a judgment creditor, held no lien against any property of the debtor at the time of her bankruptcy filing. See In re Flowers, 1998 WL 191425 (Bankr. E.D. Pa. 1998); see generally In re Hamilton, 286 B.R. 291, 293 (Bankr. D.N.J. 2002); In re Norvell, 198 B.R. 697, 699 (Bankr. W.D. Ky. 1996). As such, the prepetition judgment served only to fix the debtor's personal liability to Sarasota. See In re Norvell.

By virtue of 11 U.S.C. § 524:

(a) A discharge in a case under this title--

---

[1]On January 17, 2006, I entered an order discharging the chapter 7 trustee from any further duties but directing that the bankruptcy case remain open in light of the instant motion, which was pending. Nonetheless, the clerk erroneously stated on the docket that the case was closed.

> (1) voids any judgment at any time obtained, to the extent that
> such judgment is a determination of the personal liability of
> the debtor with respect to any debt discharged under section
> 727, 944, 1141, 1228, or 1328 of this title, whether or not
> discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or
> continuation of an action, the employment of process, or an
> act, to collect, recover or offset any such debt as a personal
> liability of the debtor, whether or not discharge of such debt is
> waived[.]

Thus, it is agreed that Sarasota's judgment has been made void by virtue of section 524(a)(1). Furthermore, Sarasota also acknowledged at oral argument that section 524(a)(2) enjoins Sarasota from attempting to collect on this judgment in the future. See In re Locust, 2005 WL 1288616, at *1 n.1 (Bankr. M.D.N.C. 2005); In re Hamilton, 286 B.R. at 293. If Sarasota would attempt to collect on its void judgment after entry of discharge, it could be held in contempt. See In re Lanford, 2004 WL 3155540, at *1 (Bankr. D.D.C. 2004).

## II.

In this contested matter, there is no assertion that Sarasota has made any effort to enforce or execute upon its judgment. Instead, debtor's counsel articulated a concern that Sarasota *may* act upon its judgment some day in the future; or that third-parties *may* not realize that the judgment was voided by the debtor's bankruptcy discharge. Thus, the debtor seeks a declaration that Sarasota's judgment has been voided.

3

Such a declaration was routinely issued under the former Bankruptcy Act of

1898, by virtue of a statutory provision.  Section 14 of the former Bankruptcy Act

provided:

> f. An order of discharge shall
>
> (1) declare that any judgment theretofore or thereafter
> obtained in any other court is null and void as a determination
> of the personal liability of the bankrupt with respect to any of
> the following . . . .

Former 11 U.S.C. § 32.  Thus, by statute, Congress mandated that the discharge order

issued in a chapter 7 bankruptcy case declare that a judgment which did not create any

lien was voided.  Consistent with this directive, former Official Bankruptcy Form No.

24—which contained the form discharge order—expressly stated in paragraph 2 the

above-quoted language of section 14f(1), noting that a prepetition judgment was void as

to personal liability of a discharged debt.

Current section 524(a)(1) of the Bankruptcy Code is the statutory successor

to section 14f.  See In re Lanford, 2004 WL 3155540, at *1 n.1.  The current statutory

provision (quoted earlier) makes no reference to the language of the discharge order, and

was intended to operate without the need for any judicial declaration:

> Moreover, Section 524(a)(1) operates automatically, obviating
> any need for the debtor to assert the discharge to render any
> subsequent actions on the judgment void.

In re Hamilton, 286 B.R. at 293.

Current section 524(a) makes reference to the effect of the bankruptcy

discharge, rather than to the contents of the discharge order itself.  Nonetheless, shortly

after the Bankruptcy Code was enacted, the form discharge order—then Official Form

4

No. 27—contained language similar to that used in former Form No. 24: that a judgment

was null and void as to personal liability on a discharged debt.

In 1991, the Official Bankruptcy Forms were revised and Form No. 27

became Form No. 18. Its language, however, remained unchanged until 1997, when the

official form discharge order was modified. Now, the form discharge order simply states

that the chapter 7 debtor has been granted a discharge under section 727. The form order

no longer makes any reference to the voiding of judgments. The Committee Note

explained the reason for this change as follows:

> The discharge order has been simplified by deleting
> paragraphs which had detailed some, but not all, of the effects
> of the discharge. These paragraphs have been replaced with a
> plain English explanation of the discharge. This explanation
> is to be printed on the reverse of the order, to increase
> understanding of the bankruptcy discharge among creditors
> and debtors. The bracketed sentence in the second paragraph
> should be included when the case involves community
> property.

Committee Note (1997).

The official explanation, included on the back of every chapter 7 discharge

order, discloses that a creditor "may have a right to enforce a valid lien." The explanation

does not expressly state that judgments are void as to personal liability on a discharged

claim. Thus, to some extent, the debtor's present motion suggests that the revision of the

form discharge order mistakenly deleted the language found in section 524(a)(1), and this

court should correct that error in this instance.

The debtor's contention ignores the statutory change from former section

14f(1)—which had directed the inclusion of language in the discharge order—to current

section 524(a)(1).

5

When faced with a similar contention, two bankruptcy courts in reported decisions have held that a court order restating the language of section 524(a)(1) after entry of a chapter 7 discharge is inappropriate under the circumstance in this contested matter:

> Having made the above legal rulings [that the judgment did not create any lien and so was made void by the discharge], this Court is still faced with our original question of whether we should enter a comfort order releasing void judgment liens so they will not "encumber" the hypothetical real estate which a debtor might acquire after the filing of their bankruptcy case. We hold that, as a general rule, such orders are unnecessary, as the bankruptcy discharge itself legally satisfies and releases any judgment lien based on a dischargeable obligation and no further action is necessary.

In re Norvell, 198 B.R. at 699; accord In re Hamilton, 286 B.R. at 293:

> Because "the bankruptcy discharge itself legally satisfies and releases any judgment lien based on a dischargeable obligation," it is unnecessary to issue a "comfort order" to protect the hypothetical real property that a debtor may acquire post-petition. In re Norvell, 198 B.R. at 699.

This approach—that a comfort order that merely repeats the statutory language is generally unwarranted—is consistent with the statutory change, with the revisions to the official bankruptcy form, and with the concept of "ripeness" as it applies to the Declaratory Judgment Act, 28 U.S.C. § 2201. As the Third Circuit Court of Appeals has explained:

> As many commentators have noted, it is difficult to define the contours of the ripeness doctrine with precision. The task is even more problematic when defining ripeness in the context of declaratory judgment actions, for two reasons. First, there is the considerable amount of discretion built into the Declaratory Judgment Act itself. Even when declaratory actions are ripe, the Act only gives a court the power to make a declaration regarding "the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. §

6

2201; it does not require that the court exercise that power. Second, declaratory judgments are issued before "accomplished" injury can be established . . . and this ex ante determination of rights exists in some tension with traditional notions of ripeness. Nonetheless, because the Constitution prohibits federal courts from deciding issues in which there is no "case[ ]" or "controversy," U.S. Const. art. III, § 2, declaratory judgments can be issued only when there is "an actual controversy," 28 U.S.C. § 2201. The discretionary power to determine the rights of parties before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties.

Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 646-47 (3d Cir. 1990) (footnotes and citation omitted).

In order for a dispute to be sufficiently ripe to warrant the issuance of a declaratory judgment, there must exist "adversity of the interest of the parties, the conclusiveness of the judicial judgment and the practical help, or utility, of that judgment." Id., at 647. The appellate court elaborated on these three elements of ripeness concerning declaratory relief.

"For there to be an actual controversy the defendant must be so situated that the parties have adverse legal interests." Id., at 648. Furthermore, the dispute must be "based on a 'real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts.'" Id., at 649 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)). Finally, "[t]he utility inquiry . . . goes not to whether the legal rights will be clarified, but to whether the parties' plans of action are likely to be affected by a declaratory judgment." Id., at 649 n. 9.

In this contested matter, the debtor only articulates a vague concern that she may be, in the future, adversely affected by the continued recordation of a now void

7

prepetition state court judgment against her. At present, however, her hypothetical concerns have not ripened into any justiciable controversy. Thus, I must decline her invitation to simply recite the language of section 524(a)(1) in an order where no present dispute with Sarasota exists. See generally Coffin v. Malvern Federal Sav. Bank, 90 F.3d 851 (3d Cir. 1996). To do so would ignore the statutory change, as well as overrule the expert opinion of the Bankruptcy Rules Committee, and the Supreme Court that adopted its proposals, that such an order is unnecessary.

Of course, if a justiciable dispute later arises regarding Sarasota's discharged debt and void judgment, this court may (if the bankruptcy case is properly reopened under section 350(b)) resolve it.

An appropriate order shall be entered.

8

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                    :    Chapter 7

JEANNE M. BURNS                          :

        Debtor                           :    Bankruptcy No. 05-18693F

.................................................

ORDER

.................................................

AND NOW, this 7th day of March 2006, for the reasons stated in the accompanying memorandum, it is hereby ordered that the debtor's motion "to render the prepetition judgment held by creditor Sarasota CCM, Inc. void" is dismissed as not ripe for an adjudication. There is no justiciable dispute between the parties at present.

It is further ordered that upon entry of this order, this bankruptcy case shall be closed pursuant to 11 U.S.C. § 350(a).

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Ms. Jeanne M. Burns
1455 Corry Avenue
Bensalem, PA 19020

John R. Crayton, Esq.
33 West Second Street
Moorestown, NJ 08057

Jacques H. Geisenberger, Jr., Esq.
GeisenbergerCooper & Lanza P.C.
941 Wheatland Avenue, Suite 201
Lancaster, PA 17603